IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

     v.                                Criminal No. 04-291

DERRICK KENRICK,
            Defendant

**RULINGS ON DEFENDANT'S OBJECTION
TO PRESENCE INVESTIGATION REPORT**

**AND NOW, this 3rd day of November, 2005**, in accordance with Fed.R.Crim.P. 32(i)
and Local Rule of Court LCrR 32.1(H), the Court makes the following findings and rulings with
respect to the sentencing factors in dispute.

1.     The government has filed its Position with Respect to Sentencing Factors
(Document No. 23), stating it has no objections, modifications or corrections to the Presentence
Investigation Report ("PSI"), and moving for a three level reduction for acceptance of
responsibility pursuant to U.S.S.G. § 3E1.1, as set forth in the plea agreement.  The Court will
grant the government's motion.

3.     Defendant has filed Objections to the Presentence Report (Document No. 21)
which accurately notes that in the plea agreement, the parties stipulated to the following: (i)
application of the 2004 federal sentencing guidelines; (ii) a base offense level of 18 pursuant to
U.S.S.G. § 2A3.2 of that version of the guidelines; (iii) a four level increase pursuant to U.S.S.G.
§ 2A3.2(b)(1) of that version of the guidelines; (iv) a two level increase pursuant to U.S.S.G. §
2A3.2(b)(3) of that version of the guidelines; (v) the three level reduction for acceptance of
responsibility; and (vi) a total offense level of 21.

The Probation Office used the 2003 Sentencing Guidelines Manual to calculate a total

offense level 25, leading to an advisory guidelines range of 51 to 71 months based on defendant's criminal history category I.   Under the 2004 sentencing guidelines, the advisory guidelines range is 37 to 46 months based on defendant's criminal history category I.

Defendant objects to the use of the 2003 version of the guidelines because the 2004 version is "more favorable" to him, and therefore should be used, and because of the stipulations set forth in the plea agreement.  The Court agrees with defendant that the parties are capable and competent to enter into a plea agreement specifying which version of the sentencing guidelines to be used and stipulating to various sentencing factors and even specific sentences or ranges (bounded by the statutory minimums and maximums).  See, e.g., United States v. Bernard, 373 F.3d 339, 345 (3d Cir. 2004) ("[p]lea agreements are contractual and therefore are to be analyzed under contract law standards") (quoting United States v. Gilchrist, 130 F.3d 1131, 1134 (3d Cir. 1997)) and United States v. Moscahlaidis, 868 F.2d 1357, 1361 (3d Cir. 1989).

Under Bernard, this Court has the "authority to accept a plea agreement stipulating to a sentencing factor or a provision of the sentencing guidelines that otherwise would not apply, or specifying a sentence that falls outside the applicable guidelines range.  *Once the District Court has accepted such an agreement, it is binding*." 373 F.3d at 344 (emphasis added).  Accordingly, the Court will sustain defendant's objection, and sentence defendant according to the terms of the plea agreement.

4.      In arriving at an appropriate sentence, this Court always considers the numerous statutory factors set forth in section 3553.  Thus, the Court attempts to arrive at a sentence that would be sufficient, but not greater than necessary: (a) to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; (b) to afford adequate

2

deterrence; (c) to protect the public against commission of further crimes by this defendant; and (d) to provide the defendant with needed and effective educational or vocational training, medical care, or other correctional treatment.

Additionally, the Court considers all of the other factors set forth in 18 U.S.C. § 3553(a), including: the nature and circumstances of the offense and the defendant's history and characteristics; the kinds of sentences available for this offense; the sentencing guidelines range under the advisory guidelines adopted by the United States Sentencing Commission for the category of offense and defendant's criminal history; any applicable policy statements adopted by the Commission; the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims of the offense.

Important to this Court's determination of an appropriate sentence, but not dispositive, is the range derived from correct application of the guidelines, which requires this Court to rule on objections and consider the Probation Office's guidelines calculation.  This factor then is considered along with all the other factors enumerated in section 3553.  This calculation will inform, but not control, the Court's sentence.

5.      Pursuant to Federal  Rules of Criminal Procedure 32(i)(3)(B), this Court is required, with regard to any factual inaccuracy in the PSI, to make a finding as to each allegation or a determination that no such finding is necessary because the matter in controversy will not be taken into account in sentencing the defendant.  Because neither party has challenged the accuracy of the Probation Office's report in any other respect, the Court will accept the accuracy of the fact findings of the PSI which are not in dispute. United States v. McDowell, 888 F.2d

285, 291 (3d Cir. 1989) ("A conclusion in the presentence investigation report which goes

unchallenged by the defendant is, of course, a proper basis for sentence determination.  In this

respect, the report serves as a prima facie and sufficient showing of fact.").

      The sentencing proceeding will proceed in accordance with the foregoing findings and

rulings.

<strong>SO ORDERED</strong>.

<u>s/ Arthur J. Schwab</u>
Arthur J. Schwab
United States District Judge

cc:    All counsel of record as listed below

Michael Novara, Esquire
Federal Public Defender's Office

Tina O. Miller, Esquire
United States Attorney's Office

United States Marshal's Office
United States Probation Office